UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | IN PROCEEDINGS UNDER |
| DENNIS A. HEAVRIN, | ) | CHAPTER 13 |
|       Debtor, | ) | |
| | ) | |
| xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx ) | ) | BANKRUPTCY NO. 09-41262 |
| THE BANK OF CARBONDALE, | ) | |
|       Movant, | ) | |
| | ) | |
|   v. | ) | ADVERSARY NO. 09-_____ |
| | ) | |
| DENNIS A. HEAVRIN, | ) | |
|       Respondent. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW Plaintiff, The Bank of Carbondale, by and through its attorneys, Scott P. Hendricks and Cynthia A. Hagan, pursuant to 11 U.S.C. Section 523 and Bankruptcy Rules 4004 and 7001, and for its Complaint to Determine Dischargeability of Debt, states as follows:

1.      This Court has jurisdiction over this matter under 28 U.S.C. Sections 151, 157, and 1334, as this proceeding arises in the Chapter 13 case of the above-named Debtor.

2.      The Bank of Carbondale ("TBOC") is a financial institution with its principal place of business located in Carbondale, Illinois.

3.      Dennis Heavrin ("Debtor") is an individual and is a Debtor in the Chapter 13 case in which this proceeding is filed.

4.      Bob Kearney ("Trustee") is the Trustee in the Chapter 13 case in which this proceeding is filed.

5.      TBOC is the holder of a certain Loan and Mortgage ("the Loan") executed and

delivered by Debtor, Dennis Heavrin, as of March 23, 2009, in consideration of a line of credit by

TBOC to Debtor in an amount up to $76,800.00 wherein he promised to pay to TBOC monthly

payments with interest thereon at a rate of 4.750% per annum, all as set forth more fully therein.

6.      On July 29, 2009, ("Petition Date"), Debtor filed for relief under Chapter 13 of Title 11

of the United Sates Code.

7.      As of the Petition Date, Debtor was indebted to TBOC pursuant to the Loan in the

amount of $73,799.20.

8.      To induce TBOC to extend the credit herein described Debtor represented

to TBOC that the loan funds were to be used to purchase the dwelling and real estate described in the

mortgage for approximately $51,000.00.

9.      To further induce TBOC to extend credit herein described, Debtor represented

that he would request "draws" on the balance of the line of credit to pay for materials and third party

labor to rehabilitate the dwelling.

10.      That subsequent to closing on the dwelling and real estate, the Debtor requested

seven (7) advances on the line of credit for a total of $22,500.00 representing the funds were used or

to be used to pay for material and third party labor for improvements to the dwelling.

11.      That despite the representations by Debtor the funds drawn on the line of credit

were not expended by Debtor to pay for materials and third party labor for improvements to the

dwelling.

12.      That TBOC entrusted the funds drawn on the line of credit to Debtor to be

expended solely for improvements to the dwelling.

13.      TBOC, in reliance on the Debtor's representation, extended credit to the Debtor in the amount of $22,500.00 which Debtor expended on expenses and debts wholly unrelated to the dwelling.

14.      The debt owed to TBOC by Debtor are nondischargeable pursuant to 11 U.S.C. Section 523(a)(2).

WHEREFORE, TBOC respectfully requests that this Court:

A.      Enter a judgment in favor of TBOC and against Debtor, in the amount of $22,500.00, plus costs, in this matter; and

B.      Determine that Debtor's debt to TBOC as evidenced by the judgment is not dischargeable pursuant to 11 U.S.C. Section 523 (a)(2); and

C.      Grant TBOC such other and further relief as is just and equitable.

Respectfully Submitted,


        /s/ Scott P. Hendricks
Scott P. Hendricks, 06184949
Cynthia A. Hagan, 06187140
Attorneys for TBOC